IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY EDWARD HENDERSON     *
         Plaintiff,
         v.                                 *     CIVIL ACTION NO. JFM-10-2815

GARY D. MAYNARD                 *
SCOTT S. OAKLEY
         Defendants.         *
                                            ***

MEMORANDUM

I.     Procedural History

This 42 U.S.C. § 1983 civil rights Complaint was received for filing on October 8, 2010. Plaintiff, who is confined at the Maryland Correctional Training Center ("MCTC"), complains that he sustained head, neck, and knee injuries when he fell out of a prison van on January 6, 2009, and has not received the appropriate medical treatment. He files suit against the Secretary of the Department of Public Safety and Correctional Services and the Executive Director for the Inmate Grievance Office ("IGO"), alleging that he filed administrative remedies regarding his medical issues and defendants delayed in reaching decisions and/or "capriciously" dismissed his grievances. He asks that the court address his constitutional issues and reverse the circuit court ruling on his petition for judicial review of defendants' administrative decisions.

II.     Pending Motions

Currently before the court are defendants' motion to dismiss or, in the alternative, for summary judgment and plaintiff's response. (ECF No. 12 & 14). The undersigned has examined the record and declarations submitted by the parties and finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2010). For reasons to follow, Defendants' pleading, construed as a motion for summary judgment, shall be granted.

III.     Standard of Review

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

IV. Discussion

    1. Facts

On February 5, 2009, plaintiff filed an administrative remedy complaining that he had not received adequate medical treatment for injuries sustained after an alleged January 6, 2009 fall. His claim was investigated by Nurse Cynthia Rounds, who determined that plaintiff had been examined several times in the days following his injury, that abrasions suffered to his head and knees from the

fall were superficial, that repeated neurological examinations were negative, and that he was receiving physical therapy twice a week for an already existing medical disorder causing "contractures of his joints including neck [and] upper and lower extremities."[1] Plaintiff's remedy was therefore denied by Warden Horning on February 25, 2009. He appealed the decision that same day, asserting that he was still suffering injuries related to the fall. On June 2, 2009, Division of Correction Commissioner Michael Stouffer affirmed Horning's denial, finding that plaintiff had not provided any additional evidence substantiating his claim and the warden's response fully addressed his initial remedy. Stouffer indicated that the supporting documentation indicated that plaintiff was treated at the time of the fall and continued to receive treatment at the time of the appeal. Plaintiff appealed the Commissioner's decision to the IGO on November 11, 2009. On December 29, 2009, the IGO Administrative Officer administratively dismissed the grievance as untimely. Plaintiff sought judicial review of the IGO decision on January 27, 2010, in the Circuit Court for Washington County, Maryland. After briefing and hearing, the circuit court affirmed the IGO decision in August 31, 2010. Plaintiff did not seek leave to appeal to the Court of Special Appeals for Maryland.

---

[1] The attached record shows that plaintiff was taken to the dispensary after he fell out of the van. He complained of a headache, but upon examination he was found to be alert and oriented. His pupils were equal, round, and reactive to light. This showed a normal neurological evaluation. The next morning he was brought to the dispensary after he reportedly fell on the floor of his cell. Plaintiff claimed that he could not move his legs, but he was observed moving his lower extremities without problem during his examination. His neurological affect was within normal limits. Two days later he was brought to the dispensary after a possible fainting episode. After he was revived with an ammonia capsule, plaintiff appropriately answered the nurse's questions. He was observed for approximately three hours after being brought to the dispensary and remained alert and oriented throughout. Plaintiff did not experience further fainting episodes. In May of 2009, his skull was x-rayed and found to have no significant abnormalities. He did complain of continued headaches and soreness in his neck on May 4, July 13, July 15, and November 8, 2010. Defendants note, however, that plaintiff has a history of neck pain and stiffness without specific injury for nine years and had back surgery prior to January 2009.

3

In his response plaintiff accuses the transportation officers of negligence in failing to assist him when he fell onto the pavement from the prison van. ECF No. 14. He also complains that his injuries were not properly treated and the examinations and testing he received were "insufficient." He alleges that his appeal to the IGO was timely filed and the petition for review filed in the Circuit Court of Maryland for Washington County was not fully adjudicated.

2. Legal Analysis

Plaintiff asks that the Washington County Circuit Court's August 2010 decision affirming the IGO determination be overturned. Given this relief request and the fact that he has sued only the Secretary and IGO Executive Director and attached the IGO and circuit court record as exhibits, he is for all intents and purposes attempting to collaterally attack Circuit Court Judge McDowell's ruling. The *Rooker-Feldman* doctrine does not permit him to do so. In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), the Supreme Court formulated a general rule which distinguishes general constitutional challenges to state laws and regulations over which federal courts have jurisdiction from requests for review of specific state court decisions over which they have no jurisdiction. Federal claims which are "inextricably intertwined with" state court decisions in judicial proceedings fall outside of the federal court's jurisdiction. *See Feldman*, 460 U.S. at 486-87. The *Rooker-Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284 (2005); *see also Lance v. Dennis*, 546 U.S. 459, 460 (2006); *Davani v. Virginia Department of Transportation*, 434 F. 3d 712 (2006). Simply put, the *Rooker-Feldman* doctrine is a judicially-created doctrine that bars lower

federal courts from reviewing certain state court actions. If the source of the alleged injury is the state court decision, then the *Rooker-Feldman* doctrine will apply to divest the district court of jurisdiction. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87 (2nd Cir. 2005). Clearly, consideration of plaintiff's claims would require the undersigned to reconsider prior state court decisions, including orders and judgments determining his administrative remedies. As plaintiff's allegations are "inextricably intertwined" with decision of Maryland state court, the court lacks subject matter jurisdiction of these claims under *Rooker-Feldman*. Therefore, defendants' motion for summary judgment shall be granted.

Were the court to generously construe the self-represented complaint as raising a constitutional medical claim, it would find no merit to such a claim. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Where defendants, such as Secretary Maynard and IGO Executive Director Oakley, have no direct involvement in an inmate's medical care, plaintiff must show that: "(1) the supervisory

5

defendants failed promptly to provide an inmate with needed medical care, (2) the supervisory defendants deliberately interfered with the prison doctors' performance, or (3) that supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (internal citations omitted); *see also Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984); *Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff has not established, much less alleged, that either defendant personally failed to provide him medical care or interfered with the physician's performance in providing him treatment. Simply put, neither defendant is shown nor alleged to have committed any action (or inaction) leading to any constitutional injury. Further, the medical record presented, although limited, shows that plaintiff was seen and treated for the scant and superficial injuries he suffered from his fall and was monitored and tested by healthcare staff to ensure that his condition did not deteriorate.

V. Conclusion

For the aforementioned reasons, the court concludes that it has no jurisdiction to review state circuit court decisions and otherwise finds no Eighth Amendment violation on the part of the named defendants. Defendants' motion, construed as a motion for summary judgment, shall be granted. A separate Order follows.

Date:___May 9, 2011_____    ___/s/_____
                                       J. Frederick Motz
                                       United States District Judge